THE HAMBURGH MANUFACTURING COMPANY and others v. JOSEPH E. EDSALL, ELIAS L'HOMMEDIEU and others.

A. held the property of a manufacturing company in trust for its creditors, of whom B. was one to a large amount, and then for the company. B. held a mortgage on the property, and had got into possession, and was occupying the property in its appropriate use. A bill had been filed by the company against A. and B. for an account, and a decree for an account had been made against both, and the Master was proceeding with the account. A. had made a conveyance of the property to B., and was insolvent. B.'s ability to respond was admitted. On motion for the removal of the trustee, and for the appointment of a new trustee or of a receiver, the Court refused to appoint a new trustee or a receiver.

A motion for a receiver was before made, and denied. See *ante*, vol. iii, p. 298. On the additional facts now presented, that L'Hommedieu, the trustee, had made a conveyance of the property to Edsall, and that L'Hommedieu was insolvent, a motion was made for the removal of the trustee, and for the appointment of a new trustee or of a receiver.

*W. Pennington* in support of the motion.

*D. Haines, P. D. Vroom* and *R. Hamilton* contra. They cited 19 *Ves.* 59; *Ambler*, 311.

THE CHANCELLOR. As to the removal of the trustee, if it be thought that any order or direction is necessary to prevent L'Hommedieu from continuing to act as trustee, or to prevent Edsall from accounting to or dealing with him as trustee, I will, out of abundant caution, make such order or give such direction. But is it at all necessary? By the conveyance from L'Hommedieu to Edsall, with knowledge of the trust, the trust devolved on Edsall; and he is accountable directly. And the decree that has been made for an account is against both of them. Edsall could not protect himself by accounting with L'Hommedieu. Edsall is in possession, occupying the property in its appropriate use, and his ability to respond is not questioned. The Hamburgh Company, who make this motion, have only a right of redemp-

tion, they are not entitled to the possession of the property until certain debts are paid, among which is a large debt due to Edsall. The other creditors who are to be paid desire that Edsall be permitted to remain in possession and carry on the works, until the accounts are taken by the Master.

The appointment of a receiver is a matter in discretion; and I do not see that any benefit will result from it in this case, or any injury from omitting to make it; and great confusion and difficulty, and probably great injury to both parties would result from the appointment.

The only question remaining in the cause is, how much will remain to be paid, if any thing, by the complainants, to redeem the property, after applying the rents and profits to the payment of the debts. One side conjecture that the rents and profits to this time are sufficient to pay the debts. The other side say that the result of the accounts will show a large deficiency.

Under these circumstances, I think the better course is to incur no risk of loss by the appointment of a receiver. The position of things is now safe; the property is in the hands of a man of responsibility, skilled in carrying on the business, and actually carrying it on properly, and directly accountable as trustee, he being, also, a large creditor himself; and the other creditors to be provided for are satisfied that he should remain in possession of the works, and continue the business until the accounts are settled.

Motion for new trustee or receiver denied.